**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Wayne ASKEW, Defendant–Appellant.**

No. 03–6300.

United States Court of Appeals, Sixth Circuit.

Aug. 19, 2004.

Terry M. Cushing, Asst. U.S. Attorney, Monica Wheatley, Asst. U.S. Attorney, Amy M. Sullivan, Asst. U.S. Attorney, U.S. Attorney's Office, Louisville, KY, David G. Sparks, United States Attorney's Office, Paducah, KY, for Plaintiff–Appellee.

Wayne Askew, Memphis, TN, pro se.

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

## ORDER

Wayne Askew appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Askew pleaded guilty to possession with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). At sentencing, defense counsel moved the district court to depart downward in Askew's criminal history sentencing guidelines calculation. The district court declined to depart downward and sentenced Askew to 151 months of imprisonment. Defense counsel filed a notice of appeal.

Thereafter, Askew wrote a letter to the district court expressing his dissatisfaction with counsel's efforts on his behalf. In light of Askew's dissatisfaction, defense counsel moved this court for leave to withdraw. We granted counsel leave to withdraw and appointed replacement counsel for Askew.

On appeal, Askew's replacement counsel moves to withdraw and has filed a "no merit" brief pursuant to *Anders v. Calfornia*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Askew has not responded to his counsel's motion to withdraw, despite being informed of his opportunity to do so.

On review, we hereby grant counsel's motion to withdraw as it reflects that counsel has reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained. Believing the appeal to be without merit, counsel submits the following issue for review: whether the district court erred in denying Askew's motion for a downward departure.

■ Before addressing the issue, our review of the record reveals that Askew entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of a guilty plea. *Id.* at 755. The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Although the procedure for accepting guilty pleas under Fed.R.Crim.P. 11 is not constitutionally mandated, the procedure is designed to assist the trial judge in making the determination that the defendant's guilty plea is truly voluntary, and to produce a complete record of the factors relevant to this voluntariness determination. *McCarthy v. United States,* 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The record in this case clearly reflects that Askew entered a valid guilty plea. The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that Askew knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988).

At the plea hearing, the district court reviewed with Askew the provisions of the plea agreement and the rights he was waiving. The district court read the charge in the indictment and explained the consequences of Askew's plea in terms of the possible length of sentence. Askew told the district court that he understood the charge and the consequences of his plea. The district court specifically addressed Askew's right to trial by jury, the right to subpoena witnesses, the right to counsel, the presumption of innocence, the government's burden of proof, and the right not to testify. Askew stated that he understood the rights he was waiving and acknowledged his guilt. Thus, the court met the requirements of Fed.R.Crim.P. 11. Consequently, the record reveals that Askew knowingly, intelligently, and voluntarily pleaded guilty.

■ Askew offered no objection to the plea colloquy. Unobjected to error in the district court's guilty plea colloquy is reversible only upon a showing that such error was plain and that it affected the defendant's substantial rights. *United States v. Vonn*, 535 U.S. 55, 58, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). An error is plain if it is clear under current law and affected the outcome of the district court proceedings. *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). A reviewing court may consult the whole record when considering the effect of any alleged error on substantial rights. *Vonn*, 535 U.S. at 59. No such error exists in this case.

■ The district court properly sentenced Askew, and Askew did not object to the sentencing calculations set forth in the presentence investigation report. In fact, Askew conceded the propriety of the sentencing calculation. Therefore, Askew has forfeited any sentencing claims that he might have in the absence of plain error

that affects his substantial rights. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent from the record.

■ The district court's decision declining to grant Askew a downward departure is not cognizable on appeal. Askew argues that he should be granted a downward departure on the ground that his criminal history category overrepresented his actual criminal history because he ranked in a criminal history category VI by only one point. A district court's failure to depart downward is not cognizable on appeal when the guideline range is properly computed, the court is aware of its discretion to depart downward, and the sentence does not violate the guidelines or federal law. *United States v. Moore*, 225 F.3d 637, 643 (6th Cir.2000); *United States v. Pickett*, 941 F.2d 411, 417 (6th Cir.1991). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court was aware of the law it was called upon to apply, *United States v. Russell*, 870 F.2d 18, 20 (1st Cir.1989), and it should be assumed that the court, in the exercise of its discretion, found the downward departure unwarranted. *See United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995). Nothing in the record suggests that the district court incorrectly believed that it could not exercise its discretion to depart under the guidelines. In fact, the record is not ambiguous and reveals that the district court fully understood that it had the power to depart and denied the motion based on the facts and not on the ground that it lacked authority to depart. Accordingly, we lack jurisdiction to review this issue. *See Moore*, 225 F.3d at 643.

We requested and received supplemental letter briefs on the question of how the Supreme Court's decision in *Blakely v. Washington*, — U.S. ——, 124 S.Ct. 2531,

159 L.Ed.2d 403 (2004) might affect the resolution of this case. There do not appear to be any facts that were specifically determined by the judge and which affected the sentencing level, to which the defendant did not specifically admit in the plea agreement. Therefore, even if otherwise applicable to the federal Guidelines, *Blakely* would not affect the validity of the sentence in this case.

In sum, we have reviewed the record and discovered no error warranting reversal of Askew's conviction. Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.