NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0567n.06

No. 09-1336

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Aug 30, 2010**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff - Appellee, | ) |
| | ) **On Appeal from the United** |
| v. | ) **States District Court for the** |
| | ) **Eastern District of Michigan** |
| DI'MITRI R. HENDERSON, | ) |
| | ) |
| Defendant Appellant. | ) |

Before:  GIBBONS and KETHLEDGE, Circuit Judges, and SARGUS, District Judge.[*]

**SARGUS, District Judge.**   Defendant-Appellant Di'Mitri Henderson ("Appellant") challenges the sentence imposed by the district court for violations of supervised release.  Of four alleged supervised release violations, Appellant admitted to one (failure to report to the probation department) and, following several violation hearings, was found guilty of another (larceny).[1]  On March 9, 2009, Appellant was sentenced to two years in custody followed by one year of supervised release.

Appellant contends that his sentence is procedurally unreasonable because the district court allegedly based Appellant's sentence on inaccurate information, failed to consider the factors set forth in 18 U.S.C. §§ 3553(a) and 3583(c), and treated the supervised release advisory range as

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

[1]The district court found that the evidence did not establish by a preponderance that Appellant committed the other two alleged violations, robberies on April 15, 2008 and June 2, 2008.

mandatory in imposing an additional one year of supervised release. Appellant also asserts that his sentence is substantively unreasonable because the district court allegedly arbitrarily selected his sentence, based the sentence on impermissible factors, and gave an unreasonable amount of weight to such factors.

For the reasons that follow, we **AFFIRM** the sentence imposed by the district court.

## I.    BACKGROUND

Appellant was originally convicted of Aiding and Abetting the Transportation of Counterfeit Securities in violation of 18 U.S.C. § 2314 (R. 1 at 17), a Class C felony for the purpose of 18 U.S.C. § 3583(e)(3). 18 U.S.C. § 3559. After serving his sentence, he commenced a three year term of supervised release in February of 2008. (R. 1 at 19; R. 2 at 1.) On October 22, 2008, the district court issued a warrant for Appellant's arrest based on four alleged violations of supervised release: (1) an April 15, 2008 incident which resulted in state charges of Armed Robbery, (2) an incident on May 2, 2008 which resulted in state charges of Unarmed Robbery, (3) a June 2, 2008 incident which resulted in state charges of Robbery, and (4) failure to report to the probation office. (R. 2.) At a hearing on November 19, 2008, Appellant admitted to the fourth violation, failure to report to the probation office. (R. 24 at 5–6; R. 26 at 121–22.) Following several evidentiary hearings, the district court found by a preponderance of the evidence that Appellant also committed the second violation by committing larceny from a person, a felony in the state of Michigan, on May 2, 2008. (R. 26 at 392.)

After having found that Appellant committed the second and fourth violations, and immediately prior to sentencing, the district court gave Appellant, his counsel, and the Government

an opportunity to speak. Appellant's counsel indicated that Appellant, who suffers from seizures due to a gunshot wound to his head, wished to be allowed to live with his mother. (R. 26 at 393.) The Government emphasized that the larceny violation was a serious offense, a "predatory crime of violence," and asked the court to consider a the maximum term of two years. (*Id.* at 395–96.)

The district court began its sentencing discussion by noting that the parties had not objected to the probation officer's calculation of an advisory range of 30 to 37 months, but the maximum statutory penalty for the violation was two years. The court stated:

> [T]he Court is drawn to a sentence of 24 months simply by attending to the recommended range that begins six months higher than that. And I must say, given the nature of the offense and the impact that such offenses have on the victims of crime, a sentence at the lowest possible end of the guideline range strikes me as being insufficient. But I am constrained by the statutory two-year maximum. The defendant here has a history of assault. He has a history of larceny. He has a history of weapons-related offenses dating back to a very early age. He failed to report, failed to stay in touch with his probation officer, and all the while, was engaging in at least the behavior that I have found proven by a preponderance of the evidence here, that is to say illicit behavior. And combined with the extraordinary cell phone usage that the defendant contributed to, if he is not wholly responsible for it, it's difficult for me to see how the defendant was doing anything productive or useful to himself, his efforts to rehabilitate or benefit himself, his family, society or anybody else during the time he was on release and failed to report and staying out of touch, but at least robbing Ms. Waraniak.

(R. 26 at 397–98.) The court then sentenced Appellant to two years in custody followed by one year of supervised release. Regarding the term of supervised release, the court stated, "it will be a case to monitor for the Court to determine whether the defendant has made reasonable steps to try to accommodate himself upon his next release to the requirements of the law." (*Id.* at 398.)

The court then asked whether the parties had any mistakes, concerns, or corrections for the record. Appellant's counsel stated that, although he may need to research the issue, he believed that

once the court had revoked Appellant's supervised release and given him the maximum term of imprisonment, the court was precluded from imposing additional supervised release. The court asked Appellant's counsel to follow up and seek correction of the sentence if the supervised release was in fact unauthorized by statute. (R. 26 at 398–400.) Judgment was entered on March 9, 2009; Appellant filed this timely appeal on March 18, 2009. (R. 21, 22.)

## II.     STANDARD OF REVIEW

We review sentences imposed following revocation of supervised release under the same "deferential abuse-of-discretion standard" that we apply to sentences imposed following conviction, a standard we clarified in *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007); *Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Booker*, 543 U.S. 220, 260–61 (2005)). This standard has both procedural and substantive components. *Id.* at 578 (citing *Gall*, 552 U.S. at 51).

If a sentencing judge, after announcing a proposed sentence, asks the parties whether they have any objections not previously raised, and if the parties do not object, then plain-error review applies on appeal to those arguments not preserved in the district court. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc) (citing *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004)). To demonstrate plain error, a party must "show (1) error (2) that 'was obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Id.* at 386 (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)). "'[O]nly in exceptional circumstances' will we find such error—only . . .

4

'where the error is so plain that the trial judge . . . [was] derelict in countenancing it.'" *Id.* at 386

(quoting *Gardiner*, 463 F.3d at 459).

### A.  Procedural Reasonableness Review

Our procedural reasonableness review consists of three steps.  First, we must ensure that the

district court properly calculated the applicable advisory range.[2]  Second, the court must

have considered the § 3553(a) factors as well as the parties' arguments for a sentence outside the

advisory range, giving both parties an opportunity "'to argue for whatever sentence they deem

appropriate,'" considering the § 3553(a) factors, and making an individualized assessment based on

the facts and the § 3553(a) factors.  *Bolds*, 511 F.3d at 579–80 (quoting *Gall*, 552 U.S. at 49).

Finally, we must "ensure that the district court has 'adequately explain[ed] the chosen sentence to

allow for meaningful appellate review and to promote the perception of fair sentencing.'" *Id.* at 580

(quoting *Gall*, 552 U.S. at 50).  "Reversible procedural error occurs if the sentencing judge fails to

'set forth enough [of a statement of reasons] to satisfy the appellate court that he has considered the

---

[2]As we noted in *Bolds*:

> Because there are no Guidelines for supervised release revocation sentences, . . . "[i]n
> imposing a term of imprisonment following revocation of supervised release, the
> district court must consider the policy statements contained in Chapter Seven of the
> Sentencing Guidelines [as well as] the relevant statutory factors listed in 18 U.S.C.
> § 3553(a)."  These policy statements indicate that in imposing such a sentence "the
> court should sanction primarily the defendant's breach of trust, while taking into
> account to a limited degree, the seriousness of the underlying crime and the criminal
> history of the violator." U.S.S.G. ch. 7, pt. A, Introductory Comment 3(b) (2006).
> The policy statements also provide suggested ranges for appropriate sentences based
> upon the grade of supervised release violation and the criminal history category of
> the defendant. See U.S.S.G. § 7B1.4(a) (2006).

*Bolds*, 511 F.3d at 579 n.5 (citations omitted).

parties' arguments and has a reasoned basis for exercising his own legal decision making authority.'"

*Id.* (quoting *Rita*, 551 U.S. at 356).

"[T]he record must contain the district court's rationale for concluding that the sentence imposed is 'sufficient but not greater than necessary, to comply with the purposes' of sentencing set forth in 18 U.S.C. § 3553(a)." *Id.* at 580. While the district court need not "engage in a 'ritualistic incantation to establish consideration of a legal issue'" or "make specific findings related to each of the factors considered," the court must articulate the reasons it reached the sentence imposed. *Id.* at 580 (quoting *United States v. McClellan*, 164 F.3d 308, 310 (1999); citing *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005)). It is insufficient simply to list the § 3553(a) factors and the defendant's various characteristics without referring to the applicable advisory range or explaining the decision to stay within or deviate from that range. *Id.* (citing *United States v. Cousins*, 469 F.3d 572, 577 (6th Cir. 2006)). Rather, "[t]he district court must provide a clear explanation of why it has either accepted or rejected the parties' arguments and thereby chosen the particular sentence imposed, regardless of whether it is within or outside of the Guidelines." *Id.* (citing *Gall*, 552 U.S. at 51).

### B. Substantive Reasonableness Review

After we have found the district court's sentencing decision to be procedurally sound, we must "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* at 581 (quoting *Gall*, 552 U.S. at 51). In reviewing for substantive reasonableness, we must "'take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *Id.* (quoting *Gall*, 552 U.S. at 51). For sentences

within the advisory range, we may apply a rebuttable presumption of substantive reasonableness, but we may not apply a presumption of unreasonableness to sentences outside the applicable advisory range. *Id.* (citing *Gall*, 552 U.S. at 51; *Rita*, 551 U.S. at 354-55; *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006)); *United States v. Noel*, No. 08-5988, 2010 U.S. App. Lexis 7248 (6th Cir. 2010) (unpublished panel opinion applying a presumption of reasonableness to a statutory maximum sentence that fell below the Guidelines range) (citing *United States v. Johnson*, 445 F.3d 793, 798 (5th Cir. 2006), *cert. denied*, 547 U.S. 1199 (2006)). In general, we must give "due deference" to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors. *Bolds*, 511 F.3d at 581 (citing *Gall*, 552 U.S. at 51). "The fact that [we] might have reasonably concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* (quoting *Gall*, 552 U.S. at 51).

## III. DISCUSSION

### A. Procedural Reasonableness

As discussed above, we review the district court's decision for procedural reasonableness in three steps, ensuring that the district court: (1) properly calculated the advisory range; (2) considered the other § 3553(a) factors and the parties' arguments; and (3) adequately articulated its reasoning for imposing the chosen sentence, including any rejection of the parties' arguments. *Id.* Because Appellant does not appeal on the basis of any objection he preserved at sentencing, he must demonstrate plain error: obvious or clear error that affected his substantial rights as well as the fairness, integrity, or public reputation of the judicial proceedings. *Vonner*, 516 F.3d at 386.

First, Appellant does not dispute that the district court properly calculated the applicable advisory range to be 30 to 37 months.

Second, the record shows that the district court gave both parties "the opportunity to argue for whatever sentence they deem appropriate" and made an individualized assessment based on the facts and upon a thorough consideration of all of the § 3553(a) factors. It is undisputed, and the sentencing hearing transcript shows, that the court provided an opportunity for Appellant and the Government to speak in support of whatever sentence they deemed appropriate. (R. 26 at 393–96.) Appellant contends, however, that the district court failed to consider the statutory factors, instead treating the supervised release advisory range as mandatory. (Def.'s Br. 16.) The record shows, however, that the district court made an individualized assessment based upon the § 3553(a) factors. Pursuant to 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release and sentence a supervised release violator to an additional prison term after considering the factors set forth in 18 U.S.C. § 3553(a). The district court considered and addressed the factors set forth in § 3553(a)(1) when it discussed the nature of the offense; the impact that such offenses have on victims; the Appellant's history of assault, larceny, and, at an early age, weapons-related offenses; and the Appellant's failure to report to his probation officer. (R. 26 at 397; PSI at 7–10 (criminal history including, *inter alia*, four charges of carrying a concealed weapon, two larceny charges, and one assault charge).) The district court further considered Appellant's extraordinary mobile phone use, for which Appellant's mother was billed, and noted that "it's difficult . . . to see how the defendant was doing anything productive or useful to himself, his efforts to rehabilitate or benefit himself, his family, society or anybody else." (R. 26 at 369, 398.)

It also appears that the court considered factors under § 3553(a)(2)(D), providing Appellant with correctional treatment in the most effective manner, when it imposed additional supervised release and stated that "it will be a case to monitor for the Court to determine whether the defendant has made reasonable steps to try to accommodate himself upon his next release to the requirements of the law." (R. 26 at 398.)[3]

Appellant also contends that the district court based the sentence on inaccurate information. (Def.'s Br. 15.) Specifically, during sentencing, the district court noted that "it's difficult . . . to see how the defendant was doing anything productive or useful . . . during the time he was on release and failed to report and [was] staying out of touch, . . . [and] robbing [the victim]." (R. 26 at 398.) Appellant contends that by referring to the supervised release violation as a form of "robbery," the court showed that it based its sentence on a crime other than larceny, which the court had found committed by a preponderance of the evidence.

The record is clear, however, that the district court understood which crime Appellant actually committed. Following several evidentiary hearings, and just moments before commencing the sentencing, the district court had found by a preponderance of the evidence that "Defendant engaged in behavior that amounts to larceny from a person, a felony in the state of Michigan." (R.

---

[3] **The district court did not explicitly refer to the need for the sentence imposed to deter criminal conduct, protect the public, and avoid unwarranted sentence disparities. However, "although explicit mention of . . . [all of the statutory] factors may facilitate review, this court has never required the 'ritual incantation' of the factors to affirm a sentence."** *United States v. Johnson*, **403 F.3d 813, 816 (6th Cir. 2005) (holding that "[t]he district court committed no error" where it "may not have mentioned all of the statutory factors or the guidelines explicitly") (citing *United States v. Washington*, 147 F.3d 490, 490 (6th Cir. 1998)). We therefore find that the district court sufficiently demonstrated consideration of the factors as required in 18 U.S.C. § 3583(e)(3).**

26 at 392.) That the district court colloquially referred to Appellant's violation as "robbing" the victim, rather than as "committing larceny" from the victim, does not call into question the court's understanding or reasoning, and it certainly does not constitute plain error.

The record reflects that the district court carefully reviewed and considered Appellant's background, the nature and circumstances of the offense, and Appellant's behavior during supervised release. We find that the court did not commit plain error in imposing Appellant's sentence and find that the sentence was procedurally reasonable.

B.     **Substantive Reasonableness**

Appellant also contends that his sentence is substantively unreasonable. Because the district court imposed a statutory maximum sentence that fell below the advisory range, it is entitled to a rebuttable presumption of substantive reasonableness, and we give due deference to the district court's conclusion that the sentence is warranted by the § 3553(a) factors. *Bolds*, 511 F.3d at 581 (citing *Gall*, 128 S. Ct. at 597); *Noel*, 2010 U.S. App. Lexis 7248 (unpublished panel opinion) (citing *Johnson*, 445 F.3d at 798, *cert. denied*, 547 U.S. 1199 (2006)).

Appellant asserts that his sentence is substantively unreasonable because the district court arbitrarily selected his sentence, based the sentence on impermissible factors, and gave an unreasonable amount of weight to such factors. (Def.'s Br. 19.) Appellant first contends that the court "arbitrarily imposed the most severe sentence[] available." (*Id.* at 20.) As discussed above, the district court sufficiently explained its reasons for imposing the sentence, demonstrating that it did not arbitrarily select such sentence.

Appellant also asserts that the district court based its sentence on and gave an unreasonable amount of weight to impermissible factors. During sentencing, the district court stated that Appellant's failure to stay in touch with his probation officer while "engaging in . . . illicit behavior" (larceny), "combined with the extraordinary cell phone usage that the defendant contributed to, . . . it's difficult . . . to see how the defendant was doing anything productive or useful to himself, his efforts to rehabilitate or benefit himself, his family, society or anybody else." (R. 26 at 369, 398.) Appellant points out that the court "spent much time discussing the records of [Appellant's] cell phone" and contends that "giving any weight to the cell phone usage was unreasonable and an abuse of discretion." (Def.'s Br. 20–21.)

We reject the notion that the district court's consideration of Appellant's mobile phone records amounted to plain error. The district court spent significant time during the evidentiary hearings inquiring into Appellant's phone records because the records offered evidence as to Appellant's whereabouts and activity during the alleged violations of supervised release. (*See* R. 26 at 377–82.) During sentencing, the court referred to Appellant's phone use only as supporting evidence, along with Appellant's supervised release violations, of Appellant's apparently unproductive use of his term of supervised release. Appellant's possession and extensive use of a mobile phone indicates that he had the means to call his probation officer and to otherwise comply with the requirement of supervised release that he have regular contact with his probation officer.

Appellant, whose presentence investigation report indicates a history of assault, larceny, and weapons-related offenses, violated the terms of his supervised release by failing to report to his probation officer and by snatching a woman's purse out of her hands. Considering the totality of the

circumstances, including the advisory range, the § 3553(a) factors, the nature of the offense, and

Appellant's history, we find that Appellant has not rebutted the presumption of substantive

reasonableness, and that the below-advisory range sentence imposed is substantively reasonable.

## IV. <u>CONCLUSIION</u>

For the foregoing reasons, the sentence imposed by the district court is **AFFIRMED**.