**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0042n.06

Nos. 07-4159, 07-4160, 07-4162

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jan 18, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF |
| RANDALL SUTTON and RONALD SUTTON, | ) | OHIO |
| | ) | |
| Defendants-Appellants. | ) | |

BEFORE:  SILER, GILMAN, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Brothers and co-defendants, Randall and Ronald Sutton,[1] each pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and two counts of brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1).  Both defendants now appeal their sentences, with Randall also challenging the denial of his suppression motions.  Upon review, we find defendants' arguments to be without merit and affirm.

I.

The facts underlying this matter are undisputed.  On July 27, 2005, Randall and Jessie Mongham, armed with handguns, entered the Huntington Bank in Fort Wright, Kentucky.  After Randall struck the bank manager in the head with the blunt end of his firearm and threatened several

---

[1]Defendants will hereinafter be referred to as "Randall" and "Ronald."

tellers with physical harm, he and Mongham fled the bank with over $10,000. A little over a month later, on September 1, 2005, Randall and Mongham executed a similar robbery at the Union Savings Bank in Cincinnati, Ohio. Randall struck the bank manager in the head with his firearm and threatened tellers. Thereafter, Randall and Mongham fled the bank with approximately $3,000.

On September 16, 2005, Randall and Ronald entered the National City Bank in Cincinnati, Ohio, armed with handguns. Once again, Randall struck the bank manager in the head with his firearm and both defendants threatened tellers with physical harm. Defendants fled the bank with over $17,000. Finally, on October 4, 2005, Randall, Ronald, and Mongham entered the Guardian Savings Bank in Cincinnati, Ohio. The defendants brandished firearms, threatened tellers, and left the bank with approximately $2,000.

## II.

In late 2005, Randall, Ronald, and Mongham were arrested and charged with several counts of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1).[2] Randall moved to suppress evidence obtained during the search of his girlfriend's home and vehicle, and also moved to suppress photo identification testimony. These motions were denied. Thereafter, Randall pleaded guilty to two counts of bank robbery and two counts of brandishing a firearm during a crime of

---

[2]Randall was charged in both the Southern District of Ohio and the Eastern District of Kentucky. The charges in the Kentucky indictment, addressing the robbery of the Fort Wright Huntington Bank, were transferred to the Southern District of Ohio for purposes of pleading guilty and sentencing.

violence. Several months later, Ronald also pleaded guilty to two bank robbery counts and two firearm counts.

Both defendants were sentenced on August 29, 2007. Randall's presentence report ("PSR") recommended a combined adjusted offense level of 28, with a criminal history category of VI that was based upon his career-offender status. The PSR afforded a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, yielding a total offense level of 25, and an advisory Guidelines range of 188-235 months of imprisonment on each bank robbery count. Pursuant to U.S.S.G. § 2K2.4, the Guideline sentences for the two firearm offenses were set at the statutory minimums, which were seven and twenty-five years, respectively. 18 U.S.C. § 924(c)(1). The firearm sentences were to be served consecutively. U.S.S.G. § 5G1.2(a); 18 U.S.C. § 924(c)(1)(D)(ii).

At sentencing, defense counsel requested that Randall be sentenced below his Guidelines range. The district court granted a variance, imposing 132 months on each bank robbery count to be served concurrently. With regard to the firearm charges, the court imposed the statutory minimum sentences, to be served consecutively, for a total sentence of 516 months.

Ronald's PSR recommended a combined adjusted offense level of 28, with a criminal history category of III that was based upon six criminal history points. The PSR afforded a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, yielding a total offense level of 25, and an advisory Guidelines range of 70-87 months of imprisonment for each bank robbery count. The Guideline sentences for Ronald's firearm offenses were the statutory minimums, seven and twenty-five years, to be served consecutively.

Prior to sentencing, the government filed a motion, pursuant to U.S.S.G. § 5K1.1, to reduce Ronald's sentence for his substantial assistance in testifying against his co-defendant, Mongham. The government requested that Ronald receive a total sentence of 300 months. The district court accepted the governments's recommendation, sentencing Ronald to 80 months on each bank robbery count, 84 months on the first firearm count, and 300 months on the second firearm count, all to run concurrently, rather than consecutively.

Both Randall and Ronald have timely appealed. The arguments of each defendant are addressed in turn below.

III.

Randall asserts two arguments on appeal. First, he contends that the district court erred in denying his motions to suppress, and, second, he challenges the procedural and substantive reasonableness of his sentence.

Randall's claims regarding his motions to suppress are disposed of easily. Indeed, Randall is precluded from challenging the denial of his suppression motions on appeal because he did not preserve the right to do so in his guilty plea. *See United States v. Young*, 580 F.3d 373, 376 (6th Cir. 2009) ("Sixth Circuit law is clear . . . that a guilty-pleading defendant may not appeal an adverse pre-plea ruling on a motion to suppress evidence unless he has preserved the right to do so in a written plea agreement under Criminal Rule 11(a)(2).").

Randall's assertions regarding the reasonableness of his sentence are also without merit. We review the district court's sentencing decisions for an abuse of discretion. *United States v. Bates*,

552 F.3d 472, 476 (6th Cir.), *cert. denied*, 130 S. Ct. 166 (2009). Reasonableness review has both

procedural and substantive components. *United States v. Sedore*, 512 F.3d 819, 822 (6th Cir. 2008).

We "must first ensure that the district court committed no significant procedural error, such as failing

to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory,

failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or

failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

If the sentence is procedurally sound, we then consider the substantive reasonableness of the

sentence. *Id.* In assessing substantive reasonableness, we determine "whether the length of the

sentence is reasonable in light of the § 3553(a) factors." *United States v. Tate*, 516 F.3d 459, 469

(6th Cir.), *cert. denied*, 129 S. Ct. 93 (2008).

With regard to procedural reasonableness, Randall contends that the district court did not

address his arguments for lenity. Specifically, he asserts that the court did not expressly consider:

(1) his role in convincing Ronald to plead guilty; (2) the disparity between his Guidelines range and

the sentences of similarly situated defendants; or (3) his remorse and willingness to rehabilitate.

Because Randall failed to raise this issue at sentencing, despite the district court's invitation for

objections, we review for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir.) (en

banc), *cert. denied*, 129 S. Ct. 68 (2008).[3]

---

[3]Randall also makes the blanket assertion, without citation to authority, that his sentence is procedurally unreasonable because the district court "did not explicitly consider each and every § 3553(a) factor in arriving at the sentence imposed[.]" However, a district court is not required to expressly address each § 3553(a) factor at sentencing. Indeed, "[w]hen a district court adequately explains *why* it imposed a particular sentence . . . we do not further require that it exhaustively

Randall is correct that the district court did not expressly address all of his arguments for lenity at the sentencing hearing. However, "'[a] sentencing judge has no more duty than we appellate judges do to discuss every argument made by a litigant; arguments clearly without merit can, and for the sake of judicial economy should, be passed over in silence.'" *United States v. Noel*, 372 F. App'x 586, 592 (6th Cir. 2010) (unpublished) (quoting *United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005)). While the Supreme Court directs district judges to give reasoned explanations for their sentencing decisions, much in this respect is left "'to the judge's own professional judgment.'" *Vonner*, 516 F.3d at 387 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). Moreover, with regard to Randall's role in convincing Ronald to plead guilty, the district court expressly noted this good-faith cooperation in finding a below-Guidelines sentence to be appropriate.

Here, the record demonstrates that the district court properly calculated and considered the applicable Guidelines range and applied the relevant factors listed in § 3553(a). Specifically, the district court held that the sentence imposed was reasonable in light of the nature and severity of the crimes at issue, Randall's acceptance of responsibility, his criminal record, his nature and characteristics, and the need to promote respect for the law. There is no evidence indicating that the district court did not "listen to, consider and understand every argument" Randall presented. *Vonner*,

---

explain the obverse – *why* an alternative sentence was *not* selected – in every instance." *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006); *see also United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir.), *cert. denied*, 127 S. Ct. 192 (2006) ("[W]e will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually[.]").

516 F.3d at 388 (internal quotation marks, citation, and brackets omitted).  Accordingly, Randall's

sentence is not procedurally unreasonable.

With regard to substantive reasonableness, Randall asserts that his sentence is "greater than

necessary to achieve the goals of punishment outlined in § 3553(a)[.]"  However, Randall's below-

Guidelines sentence is entitled to a rebuttable presumption of reasonableness.  *United States v.*

*Curry*, 536 F.3d 571, 573 (6th Cir. 2008).  Indeed, where the district court imposes a sentence *below*

the Guidelines range, as was done here, "simple logic compels the conclusion that . . . defendant's

task of persuading us that the more lenient sentence . . . is unreasonably long is even more

demanding."  *Id.*

Based upon our review of the record, "[i]t is clear that the district court considered all the

evidence and was mindful of its obligation to impose a sentence that 'fit the crime.'"  *United States*

*v. Vowell*, 516 F.3d 503, 514 (6th Cir. 2008) (citation omitted).  Moreover, on abuse-of-discretion

review, we give due deference to the district court's conclusion that the sentence was warranted by

the § 3553(a) factors.  *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007) (citing *Gall*, 552

U.S. at 51).  Considering the totality of the circumstances, *id.*, including the Guidelines and the §

3553(a) factors, we hold that Randall's 516-month sentence is substantively reasonable.

Accordingly, his sentence is affirmed.

IV.

Like his brother, Ronald presents two arguments on appeal.  First, he contends that his 25-

year sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment, and,

second, he contends that the district court's consideration of his prior felony conviction in fashioning his sentence violated the Sixth Amendment. Because Ronald did not raise these claims of error at sentencing, we employ the plain-error standard of review if the district court asked the "Bostic" question. *See United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004) (holding that sentencing arguments raised for the first time on appeal are reviewed under the plain-error standard if the court asked "the parties whether they have any objections to the sentence just pronounced that have not previously been raised").

The government concedes that the district court failed to ask the proper *Bostic* question. *See United States v. Novales*, 589 F.3d 310, 313 (6th Cir. 2009) (discussing questions that are insufficient under *Bostic*). But we need not decide this issue because, even under the de novo standard of review, Ronald's arguments are not meritorious. *See United States v. Jones*, 569 F.3d 569, 573 (6th Cir. 2009) (applying de novo standard of review to Eighth Amendment claim); *United States v. Hardy*, 586 F.3d 1040, 1043 (6th Cir. 2009) (applying de novo standard of review to Sixth Amendment claim).

First, Ronald's sentence does not constitute cruel and unusual punishment. For a term of imprisonment to violate the Eighth Amendment, it must be "grossly disproportionate to the crime" at issue. *United States v. Flowal*, 163 F.3d 956, 963 (6th Cir. 1998). Here, Ronald's assertions regarding the proportionality of his sentence are wholly without merit. Indeed, this court has previously rejected Eighth Amendment claims challenging substantially longer sentences for similar or less egregious conduct. These sentences were upheld despite the fact that the defendants, like

Ronald, had minimal criminal histories and/or cooperated with the government. *See United States v. Watkins*, 509 F.3d 277, 282-83 (6th Cir. 2007) (upholding 1,772-month sentence for six counts of bank robbery and brandishing a firearm where victims were not physically injured and defendant had no criminal history); *United States v. Beverly*, 369 F.3d 516, 536-37 (6th Cir. 2004) (upholding 71-year term of imprisonment for driving getaway car in four bank robberies despite lack of criminal history and government cooperation). Moreover, this court has cited with approval a Ninth Circuit opinion upholding the exact sentence imposed here: a 25-year term of imprisonment for violation of 18 U.S.C. § 924(c). *Beverly*, 369 F.3d at 537 (citing *United States v. Parker*, 241 F.3d 1114, 1117-18 (9th Cir. 2001)). Accordingly, in light of our precedents, this case does not present the kind of extreme disparity between the nature of the crime and the sentence imposed to constitute an Eighth Amendment violation.

Finally, Ronald asserts that the district court's use of a prior conviction to enhance his sentence violates the Sixth Amendment. However, this argument has been soundly rejected by this court. "It is well settled in this Circuit that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), does not require the nature of prior convictions to be determined by a jury." *United States v. Craft*, 495 F.3d 259, 266 (6th Cir. 2007); *see also United States v. Bradley*, 400 F.3d 459, 462-63 (6th Cir. 2005); *United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005). Ronald's contention that the continued viability of this case law is questionable in light of Justice Clarence Thomas's concurring opinion in *Shepard v. United States*, 544 U.S. 13, 26-28 (2005),

espousing a contrary viewpoint, has been expressly rejected by this court in *United States v. Hill*, 440

F.3d 292, 299 n.3 (6th Cir. 2006).  Accordingly, Ronald's Sixth Amendment claim is meritless.

V.

For these reasons, we affirm the judgment of the district court.