NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0732n.06

**No. 09-5731**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Nov 22, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| DERIC BASQUEZ, | ) | |
| | ) | |
| *Defendant-Appellant.* | ) | |

BEFORE:    GILMAN and GRIFFIN, Circuit Judges; and Rose, District Judge.[*]

   **ROSE, District Judge.**  Defendant-Appellant Deric Basquez appeals the sentence imposed

upon him when his supervised release was revoked, asserting that it is procedurally unreasonable.

Basquez asserts that the district court committed procedural error by insufficiently addressing the

reasons he put forth as to why he should be sentenced below the guideline range when his supervised

release was revoked.  Because we find no error in the procedure utilized by the district court while

exercising its discretion in imposing the sentence, we disagree and AFFIRM.

**I.    Factual Background**

   On the morning of September 15, 2000, Defendant-Appellant Deric Basquez got into a verbal

confrontation with a man who had lent Basquez his car in exchange for several pieces of crack

---

[*]The Honorable Thomas M. Rose, United States District Court for the Southern District of
Ohio, sitting by designation.

cocaine. This encounter escalated until Basquez had shot his .22 caliber rifle, wounding the car owner in the leg and hitting an 11-year old girl above her eye as she waited for her school bus. On May 30, 2001, a federal grand jury in the Western District of Tennessee returned an indictment charging Basquez with illegal possession of a firearm in violation of 18 U.S.C. § 922(g). Basquez pleaded guilty. Provided with a recommended guideline range of 92 to 115 months of imprisonment, the district court sentenced Basquez to the low end of the guideline range followed by three years of supervised release.

After serving his sentence, Basquez was released from prison and started serving his term of supervised release on January 22, 2008. Nine months later, on October 21, 2008, the district court revoked Basquez's supervised release for alcohol related offenses. Basquez requested that the court allow him to continue to work with a man who was both a pastor and electrician, and who was also a previously convicted felon now working with convicted felons as an employer and mentor. The district court agreed and imposed a sentence of the one day of time served and a new 3-year term of supervised release.

On June 10, 2009, the district court again revoked Basquez's supervised release in the proceeding which this Court is now reviewing. The district court found that on February 24, 2009, Basquez, who was intoxicated, made sexually explicit requests of a 15-year-old girl and her 14-year-old sister as they were walking in their neighborhood. Basquez then grabbed the 14-year-old by her arm. The girls began to fight with Basquez.

2

Eventually the girls got away, but soon thereafter Basquez approached the girls again in a different location and started "swinging." When the girls picked up sticks and bricks to defend themselves, Basquez twisted a stick from one of them and then used it to hit the 15-year-old on the arm and her sister on the leg. Basquez threw a brick at the girls as well, before fleeing.

Basquez was ultimately chased down and subdued by the girls and others in the neighborhood who came to the girls' aide. The 15-year-old's arm went numb after Basquez hit her with the stick. She was taken to Lebonhuer Children's Hospital where she remained overnight. Her arm was placed in a cast and in June of 2009, over three months later, she still had a knot on her arm from where Basquez struck her. Basquez was arrested for aggravated assault and solicitation of a minor, but the state ultimately did not prosecute him.

The district Court disbelieved Basquez's testimony that he had not been drinking that day and that it was the girls who instigated the dispute when they began yelling at him and using profanity after he refused to buy cigarettes for them at a local store. Basquez claimed that the girls came back and attacked him with bricks and sticks, chasing him through the neighborhood to his house, where he was beaten up by a gang of juveniles.

The district court determined that Basquez had violated the terms of his supervised release. The advisory guideline range for Basquez's revocation was twenty-one to twenty-seven months of imprisonment with a twenty-four month statutory cap. The Government asked the court to impose a twenty-four month sentence based on the offensive nature of the conduct, the age of the victims,

Basquez's non-credible testimony, and the fact that Basquez had failed to take advantage of the opportunity the court had given him following his first violation of supervised release.

Basquez requested a 12-month sentence based on his claims that he is not considered a threat in his community, that he has a problem with alcohol, that he had recently improved and enjoyed a support system provided by his pregnant girlfriend, that he had the "life stomped out of him" by a "mob of juveniles," that he wants to be a part of his unborn child's life, and that he spent forty-five days in state custody.

The district court sentenced Basquez to 24 months of incarceration with no supervision to follow. On June 22, 2009, Basquez filed a timely notice of appeal.

## II.      Jurisdiction

The district court had jurisdiction in this case because Defendant-Appellant Deric Basquez was indicted by a federal grand jury for alleged violations of 18 U.S.C. §§ 3583 and 3553. Thus, the District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## III.     Standard of Review

Generally, district court sentencing determinations are reviewed for reasonableness under an "abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 46 (2007); *Rita v. United States*, 551 U.S. 338, 361 (2007); *accord United States v. Booker*, 543 U.S. 220, 261 (2005). The reasonableness inquiry has both procedural and substantive components. *United States v. Caver*, 470

F.3d 220, 248 (6th Cir. 2007). Thus, "we must 'consider not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination.'" *United States v. Moon*, 513 F.3d 527, 539 (6th Cir. 2008) (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)).

Procedural reasonableness requires that "the sentencing judge . . . .'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority.'" *United States v. Klups*, 514 F.3d 532, 537 (6th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). On review, an appellate court must

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range.

*Gall*, 552 U.S. at 51; see *Bolds*, 511 F.3d at 581.

However, this Court has suggested that district courts, after announcing a proposed sentence, "ask the parties whether they have any objections to the sentence . . . that have not previously been raised. If a sentencing judge asks this question and if the relevant party does not object, then plain-error review applies on appeal to those arguments not preserved in the district court." *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (*en banc*) (internal quotation marks omitted). In the instant case, when the district court had finished announcing the sentence, it asked counsel, "Is there any statement, any articulation that I've made that anybody thinks needs to be corrected?

Any mistake that I can undo at this point? Any declaration, any finding or anything of that nature, in the *U.S. v. Bostic* type suggestion?" Since Basquez did not object to the sufficiency of the district court's reasoning for rejecting his arguments, his appeal will be reviewed for plain error. Plain-error review requires an appellant to show "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006) (internal quotation marks omitted). "Only in exceptional circumstances will we find such error–only, we have said, where the error is so plain that the trial judge . . . [was] derelict in countenancing it." *Id.* (internal quotation marks omitted).

## IV.    Analysis

Defendant-Appellant Deric Basquez's claim that the district court committed procedural error fails because the record reflects that each of Basquez's arguments were sufficiently considered, either explicitly or implicitly. Throughout five pages of the sentencing hearing transcript, the sentencing judge articulated his reasoning sufficient for us to conclude "(1) that the sentencing judge adequately considered the relevant § 3553(a) factors and clearly stated his reasons for imposing the chosen sentence, and (2) that the sentence is substantively reasonable." *Liou*, 491 F.3d at 339. The sentencing transcript shows that the sentencing judge "adequately considered" the relevant § 3553(a) factors and sufficiently set forth his reasons for Basquez's sentence.

*Rita v. United States*, 551 U.S. 338 (2007), addressed the issue of what constitutes a sufficient explanation for purposes of applying the 18 U.S.C. § 3553(a) factors in sentencing a

defendant. A sentencing court should "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *Id*. at 2468. The *Rita* Court emphasized that "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. Sometimes a judicial opinion responds to every argument; sometimes it does not . . . . The law leaves much, in this respect, to the judge's own professional judgment." *Id.* What is required is a record that "demonstrate[s] that the sentencing court addressed the relevant factors" in imposing sentence. *Id.*

In light of *Rita*, this Court has recognized that "a lengthy explanation may be particularly unnecessary where a defendant's arguments are 'straightforward [and] conceptually simple' and where a sentencing court imposes a within-Guidelines sentence." *United States v. Duane*, 533 F.3d 441, 451 (6th Cir. 2008) (citing, *Rita*, at 2469). The *Duane* panel recognized that in *Rita*, "where the district court imposed a within-Guidelines sentence and the arguments were straightforward, the district court's explanation was sufficient where '[t]he record made clear that the sentencing judge listened to each argument,' 'considered the supporting evidence,' was 'fully aware' of the defendant's circumstances, and 'imposed a sentence that [took] them into account.'" *Duane* at 452, (citing, *Rita*, 127 S. Ct. at 2469). "[U]ltimately, a sentencing court has great discretion in terms of whether to respond to a given argument." *Duane* at 452, (citing *Rita*, 127 S. Ct. at 2468). When "[t]he broader context and record of the sentencing hearing provide[s] additional support for the conclusion that the court adequately considered [a defendant's] mitigating argument[ ]," the district court's failure to address a leniency argument during its statement of reasons does not render the

7

defendant's sentence procedurally unreasonable. *United States v. Madden*, 515 F.3d 601, 611 (6th Cir. 2008) (internal quotation marks omitted).

Moreover, a rebuttable presumption of substantiveness reasonableness is afforded to a sentencing judge's decision where the sentence is imposed within the guideline range and the factors set forth in § 3553(a) are properly considered. *Rita*, 551 U.S. at 349- 50; *Vonner*, 516 F.3d at 389. A sentencing court "need not recite the factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005). District court judges are still, however, required to "articulate [their] reasoning sufficiently to permit reasonable appellate review, specifying [their] reasons for selecting" the specific sentence. *United States v. Williams*, 436 F.3d 706, 709 (6th Cir. 2006).

Beginning on page 113 of the Sentencing Transcript, and continuing on through page 118, the district court explained the reasoning behind its sentence. The judge stated that he was considering all the § 3553(a) factors. In determining Basquez's sentence, the court specifically articulated "the need for [the] sentence to reflect the seriousness of defendant's repeated criminal behavior and his repeated noncompliant behavior on supervised release and to afford personal deterrence." The judge took note of Basquez's lengthy criminal history, stating that "Basquez has been involved so heavily and so consistently in criminal behavior through most of his life," due to the "number of instances in which he was, in dealing with police officers, assaultive and insolent and overtly untruthful, giving false identification, false names, for example, to try to escape on various offenses . . . a number of driving offenses and a number of alcohol related offenses, drug offenses

and so forth." The judge also considered the nature of the offense and Basquez's characteristics when he mentioned Basquez's "reprehensible behavior" of "assaultively and insultingly soliciting young girls" and how it was "uncharacteristic of somebody that is actually trying to improve his life." The judge further noted that Basquez's behavior was "distressing, upsetting, offensive, [and] obviously criminal." Additionally, the judge noted that the "sentence of incarceration may provide the defendant with some medical or correctional treatment to the effect of alcohol or substance abuse treatment." He concluded, "There are other factors that I could articulate, but I don't need to. Those are the principal most important salient factors that need to be mentioned."

Basquez's argument is based on this Court's holding in *United States v. Richardson*, 437 F.3d 550 (6th Cir. 2006), that "where a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *Id.* at 554. However, we have noted in several subsequent cases that this requirement is inconsistent with the subsequent Supreme Court decision in *Rita*. In *United States v. Liou*, 491 F.3d 334 (6th Cir. 2007):

> We note[d] that some of our pre-*Rita* precedents - *Jones* and *Richardson* in particular
> - might be read to require district court judges to recite and analyze explicitly each
> argument, whether frivolous or non-frivolous, that a defendant even arguably raises
> in support of a lower sentence. We do not read our precedents so robustly.

*Liou*, 491 F.3d at 339 n.4.

Basquez asserts that the District Court failed to consider his six arguments for a reduced sentence: (1) that Basquez was not "considered a threat to his community;" (2) Basquez's alcoholic

addiction "caused him to lose control and thus do 'stupid things'"; (3) Basquez has found a support system in his girlfriend and as a result had not been drinking and was willing to undergo treatment; (4) Basquez's girlfriend was pregnant and he wanted to be a part of that child's life; (5) Basquez "suffered substantial punishment when he was severely beaten" by the neighborhood juveniles; and (6) Basquez spent 45 days in state custody for this offense and that time would allegedly not be credited by the Bureau of Prisons.

Either implicitly or expressly, the district court addressed most of the six arguments raised by Basquez. The others were either addressed implicitly or the arguments were factually inaccurate or simply irrelevant to the determination of a sentence.

The first argument put forward by Basquez was that he was not a threat to the community. However, the judge stated that he considered the 18 U.S.C. § 3553(a) factors, which includes the § 3553(a)(2)(C) requirement that a sentencing judge consider "the need for the sentence imposed to protect the public from further crimes of the defendant." The district court specifically stated "in considering the factors that are required under 3583 . . . to be considered, they are virtually the same as 3553 considerations for imposing a sentence in the first instance . . . ." Moreover, Basquez's claim that he was not a threat to the community runs counter to the judge's finding that Basquez solicited and attacked two minor girls.

Basquez also claims that his alcohol addiction supports a lower sentence. Basquez admits however, that the judge discussed his alcohol addiction. Thus, this argument was expressly addressed and rejected as a basis for imposing a lower sentence.

Basquez also claims that his recent improvements due to the support of his pregnant girlfriend and his willingness to undergo treatment support a lower sentence. Basquez claimed he was "willing to submit himself to whatever treatment program that he [could] in reality, obtain while he's incarcerated." The sentencing court implicitly addressed the treatment portion of this argument when it made the recommendation for Basquez to receive medical or correctional treatment for alcohol or substance abuse treatment during his incarceration. The court rejected it, however, as a factor in favor of a lower sentence, noting that while a sentence of incarceration would provide the opportunity for treatment, that actually the 24-month sentence would be "insufficient for the inpatient 500-hour treatment program" in most circumstances.

Basquez's assertion that his girlfriend was pregnant and that he wanted to be a part of the child's life was considered implicitly. The sentencing judge considered Basquez's claims of recent improvements and expressed a "grave doubt" as to whether Basquez would ever reform. The court specifically discussed Basquez's past failures in a prior support system that the judge had placed Basquez into after sentencing him to time served on the initial revocation of his supervised release. The court previously allowed Basquez to continue to work with the pastor and electrician, who worked with convicted felons as an employer and mentor. In crafting the current sentence, the court described Basquez's success in that program as "marginal" and "not enough." By these comments, the district court illustrated its belief that Basquez needed more than a support system to overcome his alcohol addiction and criminal behavior.

Basquez further claims that the sentencing judge did not address whether what he describes as a "beating" by a "gang" of juveniles supports a lower sentence. Counsel for Basquez characterized the physical encounter between Basquez and the juveniles as follows: "[Basquez] got the life stomped out of him, he suffered bricks and sticks at the hands of a mob of juveniles." Basquez argues that this "beating" supported a lower sentence. During the sentencing hearing, the judge discussed the situation in detail as follows: "he [Basquez] followed them [juvenile female victims], he was assaulting or insulting them, they retreated, they attacked, he counter-attacked, punch, counter-punch and so forth. It went on to the front porch of his house, where he was ganged up on and whipped in one way or another." The judge's assessment of this situation contrasted dramatically with that of Basquez's counsel, who felt it supported a lower sentence. The district court felt that Basquez was "due for that kind of result when he engage[d] in this kind of behavior, assaultive and offensive and sexually invitational behavior so inappropriately with two young girls."

Basquez's claim that the forty-five days he spent in state custody supports a lower sentence was also not expressly addressed. Although the district court did not directly address the issue of jail credit, the Supreme Court has held that "credit to a federal sentence on the basis of time previously served, which is authorized by §3585(b), cannot be calculated at the time of sentencing." *United States v. Wilson*, 503 U.S. 329, 334 (1992). Rather, credit for time previously served is initially an administrative issue for the Bureau of Prisons and is governed by federal regulations. *Id.* Therefore, this argument advanced by Basquez was not relevant to the issues before the district court in sentencing.

Finally, the district court did not expressly address Basquez's claim that his stated desire to be a part of his unborn child's life supports a lower sentence. However, this assertion can be viewed as implicitly addressed in the sentencing judge's summation of the credibility he assigned to the testimony that he had heard. "I believe [the 15-year-old girl's] testimony, and I do not believe Mr. Basquez's testimony; [h]e did not provide credible testimony; [i]t was excited; [i]t sounded rehearsed; [i]t was illogical and not believable." In light of the district court's specific findings regarding Basquez's lack of credibility in this hearing, it is hard to see how Basquez's statements of his intentions to be a part of his child's life would carry much weight with the sentencing court as a relevant factor in fashioning a sentence. Consistent with *Gale* and *Duane*, the district court's record is more than sufficient to support the reasonableness of the sentence imposed by the court.

"A sentencing judge has no more duty than we appellate judges to discuss every argument made by a litigant; arguments clearly without merit can, and for the sake of judicial economy should be passed over in silence." See, *Gale*, 468 F.3d at 940. We find that the district court heard and considered the § 3553 factors, as well as defense counsel's arguments. Basquez has failed to meet the burden of establishing "error, that was obvious or clear, that affected his substantial rights, and that affected the fairness, integrity, or public reputation of judicial proceedings." As such, Basquez's sentence was procedurally reasonable.[1]

---

[1]Basquez filed a supplemental brief *pro se* asserting that the sentencing court erred in finding that he had committed a felony, when, he alleges, he was indicted for a misdemeanor. The offense of Solicitation of a Minor is classified as "an offense one (1) classification lower then the most serious crime solicited . . .. T.C.A. § 39-13-528(C). Because Statutory Rape in Tennessee is classified as Aggravated Statutory Rape when the victim is at least thirteen but less than eighteen years of age and the defendant is at least ten years older than the victim, T.C.A. § 39-13-506(C),

## V.     Conclusion

The record reflects that the sentencing court considered the statutorily mandated factors, thus precluding a conclusion that the sentence was arrived at in a procedurally unreasonable manner that amounts to an abuse of discretion.  Therefore, we **AFFIRM** the judgement of the district court.

---

Basquez should be sentenced as if he committed a crime one classification lower.  Aggravated Statutory Rape is classified as a Class D felony by T.C.A. § 39-13-506(d)(1)(3). Therefore, Basquez's offense of Solicitation of a Minor would be a Class E felony which is one classification lower than Aggravated Statutory Rape.  The district court committed no error in this determination.