NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0506n.06

Case No. 22-5218

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="2"></td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE</td></tr>
<tr><td>v.</td><td>)</td><td>UNITED STATES DISTRICT</td></tr>
<tr><td></td><td>)</td><td>COURT FOR THE WESTERN</td></tr>
<tr><td>CURTIS BRADLEY,</td><td>)</td><td>DISTRICT OF KENTUCKY</td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>O P I N I O N</td></tr>
</table>

**FILED**
Dec 07, 2022
DEBORAH S. HUNT, Clerk

Before: LARSEN, DAVIS, and MATHIS, Circuit Judges

DAVIS, Circuit Judge. A federal grand jury charged Defendant Curtis Bradley with three counts of producing child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e) and one count of possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Bradley pleaded guilty, without a written plea agreement, to all four counts of the indictment. The district court sentenced Bradley to 50 years' imprisonment, followed by a lifetime of supervised release. Bradley appeals his sentence, claiming it is substantively unreasonable. We disagree and affirm the sentence imposed by the district court.

I.

In July 2019, Jane Doe reported to the Louisville Metro Police that over the previous three years, beginning when she was eleven years old, her uncle, Bradley, sexually assaulted her more than a hundred times. The Louisville police searched Bradley's home following this report.

The police found several digital devices, including a Wi-Fi video camera containing clips of Bradley molesting Doe. The U.S. Department of Homeland Security subsequently executed a warrant to search and forensically examine the camera and its SIM card. The search revealed additional video clips of Bradley molesting Doe. A grand jury indicted Bradley and he ultimately pleaded guilty to all charges.

The mandatory minimum term of imprisonment for each of the production of child-pornography charges was 15 years and the maximum term was 30 years. 18 U.S.C. § 2251(e). The statutory maximum term of imprisonment for the possession of child-pornography charge was 10 years. *Id.* § 2252A(b)(2). Under the Sentencing Guidelines, Bradley had a criminal history category of I and a total offense level of 43. Accordingly, the Guidelines range was life imprisonment. Sentencing Table, U.S.S.G. Ch. 5, Pt. A. Because the statutory maximum sentences were less than the minimum of the applicable Guidelines range, the Guidelines term of imprisonment was 1,200 months, i.e., 100 years. U.S. SENT'G GUIDELINES MANUAL § 5G1.2(b).

Bradley lodged several objections to the pre-sentence report but withdrew all except for his objection to the four-level enhancement under § 2G2.1(b)(2)(B). The district court sustained this objection, although its application made no difference to the applicable Guidelines range. Bradley asked the district court, after considering the 18 U.S.C. § 3553(a) factors, to sentence him to only 18 years' imprisonment. Bradley's request was based primarily on his health conditions and actuarial life expectancy. He provided letters of support from family members and friends, who later testified at his sentencing.

At the beginning of the sentencing hearing, the district court stated that it had reviewed the pre-sentence report, the parties' sentencing memoranda, and letters of support from Bradley's family and friends. The court heard from Bradley's three witnesses who spoke in favor of a lenient

sentence. Bradley's counsel presented his arguments under the § 3553(a) factors and asked that the court apply a downward departure from the Guidelines range because of Bradley's age and the medical problems outlined in Bradley's medical records. He also pointed out that Bradley grew up in difficult circumstances, including often living in subsidized housing and having an incarcerated mother. Ultimately, counsel requested a sentence of 18 years' imprisonment – referring to it as "basically [Bradley's] life expectancy . . . because of his medical situation."

After the court heard from the government, it identified all the factors it must consider under § 3553(a). The court acknowledged the testimony offered by Bradley's friends and family, indicating that it had accounted for everything presented to the court in determining a sentence. And ultimately, the court imposed a below-Guidelines sentence of 50 years' imprisonment. The court explained that the 50-year sentence was based on the Guidelines calculation, the sentencing factors discussed at the hearing, the testimony offered at the hearing, the parties' arguments, and all the factors the court considered during the case.

Finally, the probation officer indicated that the judgment must specify the sentences for each count to which Bradley pleaded guilty. The court considered various options and broke down the components of the 50-year sentence by allocating 30 years' imprisonment for Counts 1 and 2, to run concurrently; 20 years' imprisonment for Count 3, to run consecutively to Counts 1 and 2; and 10 years' imprisonment for Count 4, to run concurrently with Count 3. The parties acknowledged their understanding of Bradley's sentence.

## II.

A district court's sentencing decision must be procedurally and substantively reasonable. *United States v. Gardner*, 32 F.4th 504, 529 (6th Cir. 2022) (citing *United States v. McCarty*, 628 F.3d 284, 289 (6th Cir. 2010)). Procedural reasonableness focuses on the method the district court

used to arrive at the length of a sentence while substantive reasonableness considers whether the length of the sentence itself is reasonable given "the totality of the circumstances." *Id.* (quoting *United States v. Wandahsega*, 924 F.3d 868, 886 (6th Cir. 2019)). As to substantive reasonableness, "the 'touchstone'" of this court's review is "'whether the length of the sentence is reasonable in light of the § 3553(a) factors.'" *Id.* (quoting *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008)). While a within-Guidelines sentence is presumed substantively reasonable, *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), a defendant can rebut this presumption if a district court chose a sentence arbitrarily, ignored pertinent § 3553(a) factors, or gave unreasonable weight to any single factor, *Gardner*, 32 F.4th at 530 (citing *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). The substantive reasonableness of a sentencing decision is reviewed for abuse of discretion. *Id.* (citing *United States v. Sherrill*, 972 F.3d 752, 769 (6th Cir. 2020) (citation omitted)). Unlike a procedural defect, a defendant need not raise it below. *Id.*

Bradley argues that the sentence imposed was substantively unreasonable. He maintains that the district court failed to provide a rationale under 18 U.S.C. § 3553(a) specifically related to Bradley himself, the criminal conduct being addressed, or to any mitigating factors, to support the sentence. Bradley further contends that the district court arbitrarily selected the length of his sentence. He maintains that the court applied a computational analysis to determine which charges would be served consecutively versus concurrently, so as to arbitrarily achieve a pre-selected total period of time – without reference to the substance of the offenses themselves or the factors prescribed by § 3553(a).[1]

---

[1] Bradley seems to suggest that the district court was unaware of the statutory penalties associated with the counts of conviction. However, the district court plainly identified the statutory minimum and maximum penalties at the beginning of the sentencing hearing.

Bradley is incorrect. The district court's selection of a below-Guidelines sentence of 50 years was made with specific reference to the relevant § 3553(a) factors. That the district court did not weigh the factors in the manner advocated by Bradley is not error. While Bradley does not claim that the sentence was procedurally unreasonable, his argument nonetheless requires the court to assess whether the district court sufficiently articulated its § 3553(a) analysis, which is a challenge to the procedural reasonableness of his sentence. *Rita v. United States*, 551 U.S. 338 (2007) explained that, in applying the 18 U.S.C. § 3553(a) factors, a sentencing court should "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority." *Id.* at 356. The *Rita* Court emphasized that "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. Sometimes a judicial opinion responds to every argument; sometimes it does not . . . . The law leaves much, in this respect, to the judge's own professional judgment." *Id.* The record must "demonstrate[] that the sentencing court addressed the relevant factors" in imposing a sentence. *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007) (citation omitted). Based on *Rita*, this court recognizes that "a lengthy explanation may be particularly unnecessary where a defendant's arguments are 'straightforward [and] conceptually simple' and where a sentencing court imposes a within-Guidelines sentence." *United States v. Basquez*, 421 F. App'x 519, 522 (6th Cir. 2010) (quoting *United States v. Duane*, 533 F.3d 441, 451 (6th Cir. 2008)).

As in *Rita*, where the district court imposed a within-Guidelines sentence and its reasoning was straightforward, the district court's explanation here was sufficient because the record made clear that the sentencing judge listened to each argument, considered the supporting evidence, was fully aware of the defendant's circumstances, and imposed a sentence that took them into account.

*Basquez*, 421 F. App'x at 522 (citations and internal quotation marks omitted). And as for the substantive reasonableness of his sentence, Bradley faces an additional challenge because he was already sentenced *below* the Guidelines range. Therefore, "rather than asking whether considerations based upon § 3553(a) are sufficiently compelling to justify the sentence, this court must determine whether the considerations based upon § 3553(a) are so compelling as to necessitate a shorter sentence." *United States v. Nunley*, 29 F.4th 824, 834 (6th Cir. 2022) (quoting *United States v. Kirchhof*, 505 F.3d 409, 414–15 (6th Cir. 2007)). "Although it is not impossible to succeed on a substantive-reasonableness challenge to a below-guidelines sentence, defendants who seek to do so bear a heavy burden." *Id.* (quoting *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013)).

Bradley has not met that burden. Indeed, the district court examined the relevant § 3553 factors in detail, and fully considered Bradley's arguments in favor of further leniency. The district court began by enumerating the factors to be considered, including the history and characteristics of the defendant; the nature and circumstances of the offense and its seriousness; the kind of sentences available; opportunities for rehabilitation; promoting respect for the law; providing just punishment for the offense; deterring criminal conduct; protecting the public from further crimes; restitution; and avoiding unwarranted sentencing disparities. Nonetheless, Bradley claims that the court failed to apply these factors to the facts of his case. That is not so. The district court specifically referred to the letters and testimony advocating for leniency, along with the arguments made in the briefs and during the hearing. He also relied on the "great" advocacy of Bradley's lawyer and the presence of family and friends at the hearing. The district court then focused on the seriousness of Bradley's offenses, including the length of time the abuse went on, the number of instances of abuse, the extreme number of images and videos, the age of the victim, and the

impact of the abuse on her life. The court also emphasized that Bradley produced multiple types of pornography, and that his actions involved an abuse of trust, the use of drugs and drug addicted persons, and solicitation using people and a computer. The court explained that a substantial sentence of 50 years was necessitated by the serious nature of Bradley's actions and the offenses committed, along with the need for deterrence. And while the sentence was below the Guidelines, the court pointed out that the serious nature of the sentence could not be doubted given Bradley's life expectancy. In sum, the court's sentence was based on its consideration of the Guidelines, the sentencing factors discussed above, the testimony offered at the hearing, and the arguments offered by counsel and Bradley regarding leniency.

The hearing transcript reveals that the district court weighed the factors favoring leniency against the serious nature of Bradley's crimes, the impact on his victim, and the need for deterrence. *See Nunley*, 29 F.4th at 834. This balancing process is "appropriately left to district courts so long as the decision is reasonable." *Id.* at 834–35 (citing *United States v. Phinazee*, 515 F.3d 511, 521 (6th Cir. 2008) (explaining that this court's role is not to "decide afresh whether [the defendant]'s circumstances warrant a larger variance or whether the sentence is reasonable")). Thus, contrary to Bradley's arguments, the district court's selection of 50 years, which was more than the 18-year sentence for which he advocated, but far less than the 100-year sentence proposed by the government, was not arbitrary.[2] Rather, it was based on the district court's assessment and weighing of the relevant § 3553(a) factors. Accordingly, as in *Nunley*, the district court must have found Bradley's arguments convincing to a certain degree, given the below-Guidelines sentence.

---

[2] Bradley argues—but offers no cases in support—that the arbitrariness of the district court's decision is found in its selection of different terms of years for the production counts (30 years for two production counts, running concurrently, and 20 years running consecutively, for the third) to reach the total of 50 years. The court was unable to locate any authority for the proposition that sentencing a defendant to a different term of years for two identical counts of conviction is arbitrary or amounts to substantive unreasonableness.

However, as in *Nunley*, because Bradley has not offered any reason "so compelling as to necessitate a shorter sentence," his sentence must be found substantively reasonable. *Id.* at 835 (citation omitted).

III.

For the reasons set forth above, we AFFIRM the judgment of the district court.