**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0044n.06

No.  12-5444

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 08, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE  WESTERN |
| CHARLES D. HOWARD, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BATCHELDER, Chief Judge; MERRITT, and KETHLEDGE, Circuit Judges.

PER CURIAM.   Charles D. Howard, a federal prisoner, appeals a district court order revoking his supervised release and imposing a sentence of twenty-four months of imprisonment.

In 2002, Howard entered a guilty plea to charges of possession of a firearm by a felon, two counts of possession of a firearm by a person subject to a domestic violence order, and possession of an unregistered firearm.  He was sentenced to fifty-one months of imprisonment and three years of supervised release.  After his release from prison to supervised release, Howard was convicted in state court of possession of a handgun by a felon and first-degree assault under extreme emotional disturbance.  The state court sentenced him to thirteen years of imprisonment in 2009.  He was paroled from that sentence in 2012 and returned to federal custody to address his violation of supervised release.

Howard's counsel argued that the district court could revoke supervised release and impose a new term of supervised release, or release Howard on bond and continue the proceedings. Howard would then be monitored by state parole authorities, who would require him to work, attend school, and receive drug and alcohol treatment. Howard argued that the programs he participated in while in state custody had fulfilled all of the purposes of sentencing for the violation of supervised release. The district court rejected this suggestion. Initially, it determined that a sentence of thirty-three months, the low end of the thirty-three-to-forty-one-month guidelines range, would be appropriate. Upon realizing that the maximum sentence was twenty-four months because the underlying offenses were Class C felonies, the district court imposed a sentence of twenty-four months.

On appeal, Howard reasserts his argument that no imprisonment was necessary due to the treatment he completed during his state sentence, and that he should have been released to the conditions imposed by his state parole.

Initially, Howard argues that the district court should not have revoked his supervised release. However, one of the options he advocated for below was revocation of supervised release, but a sentence of time served followed by a new term of supervised release. We review a revocation of supervised release for an abuse of discretion. *United States v. Boothe*, 335 F.3d 522, 527 (6th Cir. 2003). No abuse of discretion can be found here, where the violation of the condition of supervised release that Howard not commit new crimes was admitted and Howard agreed that revocation would be appropriate.

Howard's actual argument is that his sentence to twenty-four months of imprisonment is unreasonable. We review the sentence imposed upon revocation of supervised release for

reasonableness under an abuse-of-discretion standard. *United States v. Bolds*, 511 F.3d 568, 575, 578 (6th Cir. 2007). The statutory maximum sentence imposed here, which was below the guidelines range, is entitled to a rebuttable presumption of reasonableness. *United States v. Henderson*, 393 F. App'x 327, 333 (6th Cir. 2010).

Howard challenges the procedural reasonableness of his sentence in two ways. First, he argues that the court failed to consider 18 U.S.C. § 3553(a)(2)(D), which requires that a sentence "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" The court recommended that Howard receive substance-abuse treatment while in jail, however, so it did consider § 3553(a)(2)(D). Second, Howard argues that the court failed to explain why it rejected the alternative sentences that he had proposed. But "[w]hen a district court adequately explains why it imposed a particular sentence," it does not need to explain "why an alternative sentence was not selected." *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006). And the court adequately explained why it selected Howard's sentence here.

Next, Howard challenges the substantive reasonableness of his sentence. He cites *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999), for the proposition that the policy statements in Chapter 7 of the sentencing guidelines must be considered. He then points out that the Introduction to Chapter 7, Part A, § 3(b) states that the seriousness of the underlying offense should be taken into account only to a limited degree. Here, he argues, the district court emphasized heavily the violent nature of Howard's new state convictions in determining the appropriate sentence. But

Howard has not shown that the court placed too much emphasis on the seriousness of his new crimes. So we reject this argument.

The district court clearly considered Howard's arguments, but it found that other factors justified an additional term of imprisonment, including his criminal history and the need to protect the public. Under these circumstances, we find no abuse of discretion. We affirm the district court's order.