**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 08a0476n.06

Filed: August 8, 2008

No. 07-1251

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| MARCUS TARRELL SYLVESTER, | ) | |
| | ) | **OPINION** |
| Defendant-Appellant. | ) | |
| _____ | ) | |

**Before: MARTIN and NORRIS, Circuit Judges, and STAMP, Senior District Judge.**[*]

FREDERICK P. STAMP, JR., Senior District Judge. Marcus Tarrell Sylvester ("Sylvester") pleaded guilty in the United States District Court for the Western District of Michigan to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Sylvester filed a sentencing memorandum in which he argued for an unspecified downward departure from the applicable sentencing range set forth in the United States Sentencing Commission advisory guidelines. In that memorandum, Sylvester stated that he had no objections to the Presentence Investigation Report ("PIR") and that he agreed that the applicable advisory sentence under the guidelines provided for a range of fifty-seven (57) to seventy-one (71) months. The district judge

---

[*]The Honorable Frederick P. Stamp, Jr., United States District Judge for the Northern District of West Virginia sitting by designation.

sentenced Sylvester to a term of imprisonment of sixty (60) months, to be followed by three (3) years of supervised release.  On appeal, Sylvester challenges his sentence on grounds of procedural and substantive reasonableness.  For the reasons that follow, the sentence imposed by the district court is AFFIRMED.

## I.  BACKGROUND

In 2003, Sylvester pleaded guilty to three offenses in two separate state criminal actions in the Seventeenth Circuit Court, Grand Rapids, Michigan.[1]  On December 16, 2003, the state court sentenced Sylvester to three years of probation on all three offenses.

While Sylvester was on probation, state authorities executed a search warrant on his residence on December 2, 2004, after he had failed to report to his probation officer as required by the conditions of his probation.  During the search, law enforcement officials discovered Sylvester hiding under a pile of clothes in a basement bedroom.  They also discovered an unloaded .32 caliber Smith and Wesson handgun and a box of .32 caliber ammunition, as well as a scale, and a razor blade with white residue.

At that time, Sylvester was taken back into state custody.  The state court revoked Sylvester's probation for failing to report to his probation officer and for possessing a firearm, and sentenced Sylvester to eighteen (18) months to twenty (20) years of imprisonment.  Sylvester was paroled from state custody on June 13, 2005.  Some time during the latter part of November 2006, Sylvester was

---

[1]In one of the cases, Sylvester pleaded guilty to delivery of a controlled substance, and in the other, he pleaded guilty to one count of domestic violence and one count of second degree home invasion.

once again taken into state custody for parole violations, which included failure to comply with substance abuse treatment requirements.

Meanwhile, during the early part of 2005, the United States Department of Justice Bureau of Alcohol, Tobacco and Firearms ("ATF") had completed a federal investigation into Sylvester's firearm possession. Based upon the results of its investigation, the ATF recommended to the United States Attorney's Office that the firearm offense be prosecuted. Federal authorities secured an indictment against Sylvester on August 29, 2006--approximately eighteen months after the ATF recommended prosecution, and more than one year after Sylvester was paroled by the state court after his probation had been revoked for possession of a firearm.[2]

On December 6, 2006, Sylvester pleaded guilty in the United States District Court for the Western District of Michigan to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was released on bond until his sentencing. On December 11, 2006, during the presentence interview with his probation officer, Sylvester was subjected to a random drug test, which preliminarily tested positive for marijuana use. Despite Sylvester's strenuous denials and his insistence that the drug screen had yielded a false positive, a laboratory report confirmed that he had used marijuana. Sylvester was then rearrested for violating the terms of his

---

[2]The ATF's report recommending prosecution is undated. The precise date upon which the matter was forwarded to the U.S. Attorney's Office is therefore uncertain. An ATF report dated March 30, 2005 referring to a firearm identification correction from the ATF's Report of Investigation dated February 28, 2005 suggests that the recommendation for prosecution was probably forwarded some time in March or April 2005.

3

bond. Subsequently, the United States District Court for the Western District of Michigan sentenced Sylvester to a sixty-month term of imprisonment and a three-year period of supervised release.

## II.  ANALYSIS

On appeal, Sylvester argues that his sentence is both procedurally and substantively unreasonable.  When reviewing a sentence for reasonableness, an appellate court must engage in a two-step analysis:  it must first determine whether the sentencing court committed any significant procedural error;[3] and, if the sentence imposed is found procedurally sound, the appellate court must then evaluate the substantive reasonableness of the sentence.  *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

### A.  Procedural Reasonableness

The standard of review for a procedural reasonableness challenge to a sentence depends upon whether the challenging party objected in the lower court proceedings on the ground of procedural reasonableness.  If the challenging party did so object, this Court reviews under an abuse-of-discretion standard.  *United States v. Jones*, 445 F.3d 865, 869 (6th Cir. 2006); *United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006).  In this Circuit, district courts are advised to ask the parties whether they have any objections, not previously raised, to the court's proposed sentence.  *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004).  If the challenging party has been afforded the

---

[3]A district court's failure to consider the factors set forth at 18 U.S.C. § 3553(a), for example, or to adequately explain the reasons for the sentence imposed constitutes significant procedural error. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

opportunity to object to the court's reasons for selecting the sentence imposed and has failed to do so, this Court reviews for plain error. *United States v. Vonner,* 516 F.3d 382, 385 (6th Cir. 2008).[4]

In the case at bar, the district court provided the requisite opportunity to object. JA 118-119. Sylvester failed to object on procedural reasonableness–or any other–grounds. Consequently, plain error is the appropriate standard of review for Sylvester's appellate challenge to the procedural reasonableness of his sentence.

Plain error requires a defendant to show (1) the court made an error (2) which "was obvious or clear," (3) which "affected defendant's substantial rights," and (4) which "affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006). Only exceptional circumstances warrant a finding of plain error. *Id.* Under this standard, a district court ruling will be vacated only "where the error is so plain that the trial judge . . . [was] derelict in countenancing it." *Id.*

Here, Sylvester argues that when the district court imposed his sentence, it did not adequately take into account the mitigating factors that Sylvester presented for the court's consideration. Specifically, Sylvester contends that the district judge failed to engage in any analysis or state any reasons for rejecting Sylvester's arguments that the government's delay in bringing charges and the time served in state custody were mitigating factors warranting a downward departure in Sylvester's sentence. These contentions lack merit.

---

[4]Although *Vonner* was decided after Sylvester was sentenced, its holding should still apply in this case because a plain error standard of review was applied to the *Vonner* defendant, whose sentence had likewise been imposed before this Court's ruling in *Vonner*.

The sentencing statute at 18 U.S.C. § 3553(c) requires a district court to state its reasons for imposing a particular sentence, but no statutory provision obligates a sentencing court to articulate its reasons for rejecting each argument a party advances for an alternative sentence. 18 U.S.C. § 3553(c); *Vonner*, 516 F.3d at 387. Nor does the case law of this Circuit impose any such obligation. *United States v. Smith*, 510 F.3d 603, 608 (6th Cir. 2007) ("[A] district court need not explain its reasons for rejecting each argument made by a defendant."). Nevertheless, the United States Supreme Court decision in *United States v. Rita*, 127 S. Ct. 2456, 2469 (2007), suggests that the record should demonstrate that the sentencing judge has considered each argument presented by a party and the evidence offered in support thereof. Thus, for a sentence to survive a procedural reasonableness challenge under plain error review, the record and the context must demonstrate that the judge listened to, understood, and considered each argument, taking each into account when determining the defendant's sentence. *Vonner*, 516 F.3d at 387 (citing *Rita*, 127 S. Ct. at 2469).

In this case, Sylvester's sentencing memorandum listed three factors in support of an unspecified downward departure from the applicable guideline range. Sylvester argues on appeal that the district judge failed to consider two of them: (1) the delay by the government in prosecuting him; and (2) the time he had already served in state custody after his state probation was revoked for, in part, the same conduct that prompted the federal indictment. The sentencing judge directly addressed neither of these factors. Thus, this Court must determine whether the sentencing judge listened to, understood, and considered the delay in federal prosecution of the firearm offense, and the time the defendant spent in state custody after his probation was revoked for, in part, possessing a firearm.

6

1.      Delay in Prosecution

The record indicates that the sentencing judge considered--and rejected--the delay in prosecution as a mitigating factor. At the sentencing hearing, the judge acknowledged receipt of the defendant's "rather extensive" sentencing memorandum. JA 107. Defense counsel began his argument by stating that the most important aspect of the case was the two-year delay between the commission of the crime and Sylvester's sentencing. JA 108. When the judge interjected, inquiring whether that circumstance was the most important factor, defense counsel answered in the negative. JA 108-109. After presenting the factor that he considered most important (i.e., that Sylvester had undergone significant change since the time the offense occurred), defense counsel returned to his argument that the delay in prosecution should be considered as a mitigating factor. JA 112. The judge observed that the defendant had not filed a motion to dismiss on this basis, and asked whether any legal grounds supported the defendant's argument. Defense counsel answered: "It's just a fact that we would ask that you would consider." *Id.*

When he pronounced Sylvester's sentence, the district judge stated that he had considered the sentencing guidelines as one factor for determining a sentence that was sufficient, but not greater than necessary, to comply with the purposes of § 3553(a). JA 116. He concluded that the nature and circumstances of the underlying offense, the defendant's previous contacts with law enforcement, and the defendant's status a felon made the offense a serious one. *Id.* The judge indirectly acknowledged the delay in initiating prosecution when he stated that Sylvester's "having a weapon and drug paraphernalia in a house some couple of years before having parole revoked" informed his

7

understanding of the nature and circumstances of the underlying offense.[5] *Id.* In light of the exchanges between the judge and Sylvester's counsel during the sentencing hearing, and the judge's explicit acknowledgment of the time that had elapsed between the conduct giving rise to the federal charge and the defendant's sentencing, this Court finds no plain error in the district judge's process as it concerns the defendant's delay in prosecution argument.

### 2.    Time Spent in State Custody for Same Conduct

Sylvester's second contention concerning the procedural reasonableness of his sentence is that the district judge failed to consider the time Sylvester had spent in state custody for the same conduct. This arguments also lacks merit. As with Sylvester's pre-indictment delay argument, the judge offered no specific analysis of the defendant's state custody argument. During the sentencing hearing, however, defense counsel, in response to the district judge's expressed concerns about Sylvester's positive drug test on December 11, 2006, described Sylvester's state of mind upon learning that the firearm offense was a separate crime under federal law and that the time Sylvester had spent in state custody could be supplemented by a separate prosecution, conviction, and sentence in the federal court system. JA 109-110. In other words, Sylvester presented this factor for the judge's consideration in the context of an effort to explain the circumstances surrounding the defendant's recent drug use, and it is in that context that the judge considered the argument.

---

[5]The judge seems to have misstated the reference points of the delay, commenting that the conduct occurred a "couple of years" before the revocation of the defendant's parole rather than several months before the federal government brought charges. However, this misstatement should not affect the analysis of whether the district court considered the time lapse and rejected it as mitigating factor warranting leniency.

Of primary importance among the judge's reasons for imposing a sixty-month sentence was Sylvester's positive drug test while on bond and Sylvester's vehement denial, which the court considered "especially egregious." JA 116. The court emphasized Sylvester's "persistent association with drugs" and recommended as part of his sentence that Sylvester receive intensive substance abuse treatment during his incarceration. JA 117. In addition, the judge gave the following reasons for the sentence: the need to provide just punishment and an adequate deterrence to criminal activity; the need to protect the public; and the duty to provide the defendant with medical, educational, and correctional treatment. As to this last factor, the judge recommended that Sylvester be afforded opportunities for vocational training during his term of imprisonment. Given the context in which the judge considered Sylvester's argument concerning time already spent in state custody and the counterbalancing weight the judge attached to the other sentencing factors, the district court committed no plain error.

B.     Substantive Reasonableness

Having determined that the sentence imposed meets the standards for procedural reasonableness, this Court now turns to Sylvester's assertions that his sentence is substantively unreasonable. An abuse-of-discretion standard applies to challenges to the substantive reasonableness of a sentence. *Gall*, 128 S. Ct. at 597. Unlike challenges to procedural reasonableness, however, a party need not object below to the reasonableness of the length of a sentence. *Vonner*, 516 F.3d at 389. Consequently, even if a defendant fails to object at sentencing to the length of the sentence of imposed, the standard of review is for abuse of discretion. *Id.* Furthermore, where, as here, a sentence falls within a properly calculated range under the Sentencing

9

Guidelines, a rebuttable presumption of reasonableness attaches. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). Because Sylvester's sentence falls within the advisory guideline range, this Court reviews his sentence under an abuse-of-discretion standard and applies a rebuttable presumption of reasonableness.

A sentence is substantively reasonable if it is "sufficient, but not greater than necessary," to advance the purposes of the federal sentencing statute at 18 U.S.C. § 3553(a)(2). Thus, Sylvester must show that the length of his sentence is sufficient, but not greater than necessary, to promote the following goals:

   (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B)    to afford adequate deterrence to criminal conduct;
   (C)    to protect the public from further crimes of the defendant; and
   (D)    to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

A sentence may be substantively unreasonable where the sentencing judge has selected the sentence arbitrarily; has relied upon on impermissible factors; has failed to consider the factors enumerated in § 3553(a); or has assigned unreasonable weight to any relevant factor. *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005).

Sylvester's appellate challenge to the substantive reasonableness of his sentence consists of further reference to the mitigating factors above and an argument that the sentence is unnecessarily long to achieve the desired deterrent effect, particularly given the time Sylvester has already spent in state custody. Because Sylvester was sentenced to a term within the applicable guideline range,

which he has conceded was correctly calculated, he must rebut the presumption of reasonableness which attaches to a within-guidelines sentence. *Williams*, 436 F.3d at 708. This he has failed to do.

According to Sylvester, his sentence is substantively unreasonable because, in part, the district court failed to consider that the federal government waited to indict him until more than one year after he completed his state sentence for the same conduct and approximately eighteen months after the ATF recommended prosecution. On appeal, Sylvester argues that he suffered prejudice as a result of this delay because a "possibility" existed "that [his] sentence might have been reduced by as much as eighteen months . . . had the district court considered the arguments raised in mitigation . . . ." Pl.'s Final Reply Br. 4. The mere *possibility* that Sylvester's sentence *might* have been reduced fails to rebut the presumption of reasonableness accorded to a within guidelines sentence, particularly because, as discussed above, the sentencing judge considered the effect of the delay in his sentencing determination and found other relevant factors more compelling.

The second reason Sylvester advances in his challenge to the substantive reasonableness of his sentence is the punishment he received in state court for the underlying conduct giving rise to his federal conviction. Sylvester seems to be arguing that the district court should have granted him credit for time served in state custody. However, only the Attorney General and the Bureau of Prisons have the power to grant credit for time served. *United States v. Wilson*, 503 U.S. 329, 333 (1992) (construing 18 U.S.C. § 3585(b)); *United States v. Crozier*, 259 F.3d 503 (6th Cir. 2001). A district court judge who imposes a sentence without considering time served as a mitigating factor properly refrains from granting credit for time served. Accordingly, Sylvester has failed to show that his sentence is substantively infirm on this basis.

11

Finally, Sylvester contends that a sentence well below sixty (60) months would provide adequate deterrence to his future criminal conduct, especially because he has already been incarcerated in the state system for the same conduct that resulted in the federal charge. Sylvester offers no support for this bare assertion, and, in light of his repeated violations of the conditions of his state offense probation, his state offense parole, and his federal offense presentence release bond, this contention is unpersuasive.

In sum, Sylvester has failed to demonstrate that the sentencing judge imposed an arbitrary sentence, based the sentence on impermissible factors, failed to consider pertinent statutory factors under § 3553(a), or accorded unreasonable weight to any relevant factor. Sylvester has therefore failed to rebut the presumption that his within-guidelines sentence is substantively reasonable. Consequently, his challenge before this Court to the substantive reasonableness of his sentence is without merit.

## III. CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.