NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0504n.06

No. 22-2147

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 06, 2023
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KAI RAYMONE THOMAS,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

BEFORE: MOORE, MURPHY, and MATHIS, Circuit Judges.

MURPHY, Circuit Judge. After deputy sheriffs found Kai Thomas with stolen firearms, state authorities detained him for months. The federal government then charged him with illegally possessing firearms as a felon, and he pleaded guilty to this federal crime. The district court sentenced him to 108 months' imprisonment. On appeal, Thomas argues that the court erred when choosing his sentence because it did not give him credit for, or even discuss, the months he spent in state custody. But he did not preserve these claims. And he has not shown that the district court committed a plain error because federal law requires the Bureau of Prisons (not the court) to determine the credit that he should receive for the time he served before his sentence. We affirm.

I

On May 31, 2021, a homeowner reported a burglary at his Houghton County cabin in Michigan's Upper Peninsula. The homeowner told the police that the thief had stolen many items,

including five firearms and ammunition. On June 1, a different victim reported a second theft at a nearby residence. Later that day, deputies with the Houghton County Sheriff's Office received a tip about a couple living in the woods near these burglaries. They located Thomas, who had been convicted of several prior felonies, "at the old boy scout campground" near a state nature trail. Tr., R.51, PageID 215. After the deputies spotted items at this campground that matched those reported stolen, they arrested Thomas. During a search incident to his arrest, the deputies found bullets in his pocket. A broader search of the campground uncovered the missing firearms and ammunition.

The State of Michigan charged Thomas with several offenses, including breaking and entering and possessing firearms as a felon. On November 12, 2021, he pleaded guilty to a reduced larceny charge, and the state court imposed a 14-day sentence. The State dismissed all other counts. All told, Thomas remained in state custody for 176 days from June 1 to November 24.

The next year, the federal government indicted Thomas on two federal counts for the same conduct. It charged him with possessing firearms and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1), and possessing stolen firearms and ammunition, in violation of 18 U.S.C. § 922(j). Thomas pleaded guilty to the first count in exchange for the dismissal of the second one.

Before Thomas's sentencing hearing, the parties debated the proper sentence. A probation officer calculated Thomas's guidelines range as 151 to 188 months' imprisonment. At the time, however, his felon-in-possession offense had a statutory maximum of 120 months' imprisonment, so that maximum became his guidelines sentence. In a sentencing memorandum, Thomas asked the district court to vary below this recommended sentence. He noted, among other things, that he had already served many months in the state system for the same conduct.

At sentencing, the district court initially concluded that the presentence report identified the correct guidelines sentence: 120 months. It then weighed the sentencing factors in 18 U.S.C.

2

§ 3553(a). The court found Thomas's crime "serious," both because of the "significant number" of stolen firearms and because the weapons were not likely "headed" for "law abiding citizens" who had the right to possess them. Tr., R.55, PageID 279. The court also highlighted Thomas's significant criminal history, which placed him in the "highest criminal history category" and generated an original guidelines range well above his statutory maximum. *Id.*, PageID 280. Nevertheless, the court recognized that Thomas had "done well" at various points in his life despite his "difficult childhood." *Id.*, PageID 279–80. And it recognized that Thomas had incurred much of his criminal record a long time ago. It thus decided to vary downward by imposing a 108-month sentence.

II

Thomas now argues that the district court "committed clear error" by imposing its 108-month sentence without "factor[ing] in the 176 days" that he spent in jail while awaiting trial on the state charges. Appellant's Br. 15. One can view his claim in two ways. Neither has merit.

On the one hand, Thomas cites a statute listing circumstances in which defendants should receive credit for the time spent in custody before the start of their sentence. *See* 18 U.S.C. § 3585(b). As relevant to Thomas, this statute requires a defendant to "be given credit" for time served if the defendant served the time "as a result of any other charge for which the defendant was arrested after the commission of the" relevant offense and if the time "has not been credited against another sentence." *Id.* § 3585(b)(2). Yet Thomas forfeited any argument that this statute required the district court to credit the 176 days that he spent in state custody against his 108-month sentence. He did not even cite § 3585(b) in the district court, let alone make this claim. We thus will review the claim for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

Thomas has shown no obvious error. To the contrary, the Supreme Court has interpreted § 3585(b) as permitting only the Attorney General (through the Bureau of Prisons) to credit time served to a defendant's sentence once the Bureau takes custody of the defendant. *See United States v. Wilson*, 503 U.S. 329, 334–36 (1992). The Court added that sentencing courts may *not* reduce their sentences by the amount of time that a defendant has served before sentencing. *See id.* at 333–34; *see also United States v. Carpenter*, 359 F. App'x 553, 557 (6th Cir. 2009). The district court thus would have erred if it *had* relied on § 3585(b) to credit the 176 days to Thomas's sentence. *See United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001). And if Thomas believes that the Bureau of Prisons miscalculated his time-served credit, he must exhaust his administrative avenues of relief and seek judicial review through a habeas petition under 28 U.S.C. § 2241. *See, e.g.*, *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (per curiam).

On the other hand, aside from his § 3585(b) argument, Thomas asserts that the district court wrongly failed to discuss his claim that the court should consider the time he spent in state custody when choosing the proper sentence under the § 3553(a) factors. But he has likewise forfeited this separate claim. Although Thomas's sentencing memorandum raised the issue in one sentence, he did not re-raise it at sentencing. At the end of sentencing, moreover, the court asked his counsel if he had "[a]ny legal objection to the sentence imposed" and if he was "satisfied [that the court had] addressed all of [his] arguments on the record." Tr., R.55, PageID 284. Counsel responded that he had no legal objections and that the court had addressed all of his arguments. We thus will review this claim for plain error too. *See Vonner*, 516 F.3d at 386.

Thomas has again failed to show an obvious error. He is correct that a sentencing court must make clear that it "considered the parties' arguments" about the proper sentence. *Rita v. United States*, 551 U.S. 338, 356 (2007). But the district court could reasonably believe that it did

4

so here. The court noted that it had reviewed Thomas's sentencing memorandum and "considered all of [Thomas's] arguments in support of his request for a lower sentence." Tr., R.55, PageID 278–79. And because Thomas raised this time-served claim "in passing," the court could reasonably conclude that it said enough about the claim. *United States v. Brinda*, 851 F. App'x 565, 568 (6th Cir. 2021) (quoting *United States v. Brooks*, 628 F.3d 791, 798 (6th Cir. 2011)). That is especially true because, as noted, § 3585(b) leaves this issue for the Bureau of Prisons. So our caselaw has suggested that the issue is not even "relevant" at sentencing. *United States v. Basquez*, 421 F. App'x 519, 525 (6th Cir. 2010); *see United States v. Noel*, 372 F. App'x 586, 592 (6th Cir. 2010); *Carpenter*, 359 F. App'x at 557–58; *United States v. Sylvester*, 289 F. App'x 860, 867 (6th Cir. 2008). Indeed, if a district court relied on a defendant's time served to lower the sentence under the § 3553(a) factors and the Bureau of Prisons then deducted the same time served from the chosen sentence under § 3585(b), the defendant might mistakenly receive "double credit" for the same time. *Gilbert v. United States*, 64 F.4th 763, 772 n.4 (6th Cir. 2023); *cf. United States v. McKenzie*, 2023 WL 3829173, at *2 (6th Cir. June 1, 2023) (order).

We affirm.