NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0493n.06

Case No. 24-1646

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 22, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| LAWRENCE EDWARD SLAUGHTER, II, | ) | |
| Defendant - Appellant. | ) | |
| | ) | OPINION |

Before: NALBANDIAN, MATHIS, and RITZ, Circuit Judges.

**RITZ, Circuit Judge.** While on probation for a prior felony offense, Lawrence Edward Slaughter, II, committed another firearm offense. Slaughter initially faced state charges, but those charges were dismissed when the government filed federal charges. Importantly, though, prior to entering federal custody, Slaughter served time in state custody for the same underlying offense.

After Slaughter pled guilty in federal court, the parties agreed on a Sentencing Guidelines range of 37 to 46 months, and the district court imposed a 42-month sentence. On appeal, Slaughter challenges his sentence as procedurally unreasonable, claiming that the district court failed to properly consider his time-served argument for a lower sentence. We affirm.

## BACKGROUND

On September 23, 2022, Michigan probation officers found Slaughter in unlawful possession of a firearm. The state charged Slaughter with a probation violation and various firearm offenses. A few days later, Slaughter posted bond. However, on April 4, 2023, the state court

revoked Slaughter's bond for contempt of court and later sentenced Slaughter to 30 days in jail, with 24 days credited.

On August 30, 2023, a federal grand jury indicted Slaughter on two firearm offenses, for the same underlying conduct as the state charges. In coordination with the federal government, the state transferred Slaughter to federal custody and dropped the state charges. The government released Slaughter on bond, and in March 2024, Slaughter pled guilty.

At sentencing, both parties agreed to an advisory Sentencing Guidelines range of 37 to 46 months. Slaughter moved for a downward variance pursuant to the 18 U.S.C. § 3553(a) factors. He also moved for a downward departure pursuant to U.S.S.G. § 4A1.3(b), which covers cases where the guidelines' criminal history calculation "substantially over-represents the seriousness of the defendant's criminal history," and U.S.S.G. §§ 5K2.23 and 5G1.3, which address undischarged and discharged terms of imprisonment. Slaughter made several arguments in support of his motions, including that his sentence should be "adjusted . . . to account for the uncredited time served in state custody." RE 45, Sent. Mem., PageID 164, 173. At sentencing and in his sentencing memorandum, Slaughter seemed to assert his time-served argument indiscriminately in support of both his departure and variance motions.

Prior to imposing a sentence, the district court stated that it had "considered all nonfrivolous arguments in support of [Slaughter's] request for a lower sentence," specifically noting Slaughter's request for "credit" for "a period of time" previously served "in custody." RE 55, Sent. Tr., PageID 260-61. However, as Slaughter points out on appeal, the district court did not expressly refer to Paragraph 50 of the presentence investigation report, which detailed portions of Slaughter's custody history between December 2, 2021, to May 15, 2023.

The court ultimately denied Slaughter's motions for variance and departure and imposed a within-guidelines sentence of 42 months. The district court cited two primary problems with Slaughter's request for a time-served adjustment. First, the district court considered the possibility of erroneous double-counting, stating that it did not want to inadvertently give Slaughter "double" credit by accounting for time which the Bureau of Prisons could later credit to him anyway. RE 55, Sent. Tr., PageID 244. Second, the district court cited the lack of "sufficient" evidence to determine which charge Slaughter "served time for" and "for how long" he served in state custody. *Id.* at 271. Indeed, the district court, the Probation Office, and Slaughter's counsel all apparently struggled to align on the details of Slaughter's prior time served. Additionally, the district court explicitly considered the § 3553(a) factors prior to denying Slaughter's variance but found a downward adjustment unwarranted.

After imposing Slaughter's sentence, the district court asked: "Pursuant to *Bostic*,[1] are counsel satisfied that I've addressed on the record all nonfrivolous arguments that have been raised?" *Id.* at 270. Slaughter's attorney stated he was not satisfied and asserted several arguments, including his time-served argument for adjustment. Later, the court asked again whether the parties had "[a]ny legal objections pursuant to *Bostic*"; the parties both said no. *Id.* at 271-72. Slaughter now appeals his sentence.

## ANALYSIS

Slaughter argues this court should vacate his sentence, challenging as procedurally unreasonable the district court's decision not to vary downwards. Slaughter asserts that the district

---

[1] *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004) ("[W]e exercise our supervisory powers over the district courts and announce a new procedural rule, requiring district courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, to ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised.").

court failed to "respond to" or properly "consider" his time-served argument, including the supporting record evidence, for a variance. CA6 R. 17, Appellant Br., at 10, 16. We disagree. The district court sufficiently considered Slaughter's time-served argument, including the relevant information available in the record, when it decided not to vary downwards.

Notably, Slaughter does not appear to seek review of his denied motion for departure. Because Slaughter fails to argue the downward departure claim in his opening brief, we do not separately address that issue. *See McPherson v. Suburban Ann Arbor, LLC*, 135 F.4th 419, 425-26 (6th Cir. 2025).

## I.     The standard of review is abuse of discretion.

We generally review criminal sentences for substantive and procedural reasonableness. *United States v. Gates*, 48 F.4th 463, 468-69 (6th Cir. 2022). The standard of review for a procedural reasonableness claim "depends on whether the defendant preserved th[e] challenge for appeal by making a clear objection" in the district court. *United States v. Taylor*, 800 F.3d 701, 713 (6th Cir. 2015). We review "preserved procedural-reasonableness claims for abuse of discretion." *Id.* But "where a party has failed to object to a procedural defect at sentencing," we review the unpreserved procedural reasonableness claim for plain error. *Id.*

Under *Bostic*, a district court must "ask the parties whether they have any objections to the sentence . . . that have not previously been raised." *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). A defendant preserves a procedural reasonableness claim by raising it either before or after the court asks this question. *See Taylor*, 800 F.3d at 713. However, to preserve the claim for appeal the defendant's objection must have a "reasonable degree of specificity." *Bostic*, 371 F.3d at 871 (internal quotation marks omitted).

Slaughter's time-served argument meets the preservation threshold for abuse of discretion review. At sentencing, Slaughter's counsel stated that, under the "[§] 3553(a) factors . . . the Court should consider adjusting [Slaughter's] sentence to encapsulate that year of jail that he already spent on this case to make sure that he obtains that credit." RE 55, Sent. Tr., PageID 244. The district court and Slaughter's counsel then engaged in a lengthy discussion regarding Slaughter's time-served argument. Later, the district court asked: "Pursuant to *Bostic*, are counsel satisfied that I've addressed on the record all nonfrivolous arguments that have been raised?" *Id.* at 270. Slaughter responded, "I am not, Your Honor," and raised several arguments, including Slaughter's time served. *Id.* Although Slaughter appeared at times to conflate his departure and variance claims, he sufficiently raised the argument to preserve it. *Compare United States v. Sanders*, No. 22-4051, 2024 WL 21573, at *2 n.1 (6th Cir. Jan. 2, 2024) (finding the defendant's reference to "mitigating factors," even "without any specific allegation that the sentencing judge failed to address [the variance]," was sufficient to preserve the claim), *with United States v. Thomas*, No. 22-2147, 2023 WL 8450683, at *2 (6th Cir. Dec. 6, 2023) (finding the claim forfeited because the defendant "did not re-raise it at sentencing," despite raising it in the sentencing memorandum). Accordingly, we review Slaughter's preserved procedural reasonableness claim for abuse of discretion.

## II.     The district court imposed a procedurally reasonable sentence.

"A sentence is procedurally reasonable if the district court did not commit any significant procedural errors." *United States v. Zabel*, 35 F.4th 493, 504 (6th Cir. 2022). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United*

*States*, 552 U.S. 38, 51 (2007). As to a defendant's arguments in mitigation, a sentence is procedurally reasonable where the record reflects "both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009) (quotation omitted).

Slaughter alleges that the district court failed to address his time-served argument, including Paragraph 50 of the presentence investigation report, thereby making his sentence procedurally unreasonable. We disagree. The record reflects that the district court considered and addressed Slaughter's time-served argument. In fact, the district court and Slaughter's counsel engaged in a lengthy colloquy regarding whether the Bureau of Prisons would later account for Slaughter's time served in state custody, thus making it inappropriate for the court to also count it at sentencing. Although the district court addressed the time-served argument in relation to Slaughter's *departure* motion, rather than his *variance* motion, Slaughter asserted his time-served argument simultaneously and interchangeably in support of both motions. Accordingly, the district court's "sentencing rationale was logically responsive" to Slaughter's time-served variance argument, "making it unnecessary for the court to expressly confirm this through magic words." *United States v. Chiolo*, 643 F.3d 177, 184 (6th Cir. 2011).

The district court's failure to explicitly address Paragraph 50 of the presentence report does not, by itself, alter our conclusion. *See United States v. Gale*, 468 F.3d 929, 941 (6th Cir. 2006) ("A district court need not describe in detail or list all of the documents or other evidence it considered during sentencing." (citation modified)); *Sanders*, 2024 WL 21573, at *3 ("The district court is not required to give the reasons for rejecting any and all arguments made by the defendant for an alternative sentence." (citation modified)). In fact, when the court asked Slaughter to clarify the facts of his custody history, Slaughter's counsel failed to direct the court to Paragraph 50,

instead responding: "I'm not aware. I'm not sure, Your Honor." RE 55, Sent. Tr., PageID 241. Where the defendant himself failed to address or explain the relevance of Paragraph 50, we decline to find the district court's similar failure unreasonable. *See United States v. Light*, 674 F. App'x 548, 550 (6th Cir. 2017) ("[The defendant is] in the best position to know the facts."). As the government points out, "district courts are not advocates" expected to "scour the record" for facts to support a party's argument. *Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019).

Moreover, the district court acted well within its discretion in declining to reduce Slaughter's sentence based on any time he served in state custody. First, it bears noting that the district court separately determined that Slaughter's time served did not warrant a departure under the guidelines—a determination that Slaughter does not challenge on appeal. Second, the district court had no obligation to vary downward based on time served, no matter how compelling Slaughter's mitigation argument was. *See United States v. Sylvester*, 289 F. App'x 860, 867 (6th Cir. 2008) ("A district court judge who imposes a sentence without considering time served as a mitigating factor properly refrains from granting credit for time served."). Indeed, a district court commits no error by leaving it to the Bureau of Prisons to calculate any credits to Slaughter's sentence that might apply based on prior time served. *See Thomas*, 2023 WL 8450683, at *2 ("If a district court relied on a defendant's time served to lower the sentence under the § 3553(a) factors and the Bureau of Prisons then deducted the same time served from the chosen sentence under [18 U.S.C.] § 3585(b), the defendant might mistakenly receive double credit for the same time." (citation modified)).

Lastly, Slaughter briefly suggests that the district court generally failed to properly assess the § 3553(a)(2)(A) and (2)(B) sentencing factors. But this argument is also unavailing. "We have held that although a sentence should reflect the considerations listed in § 3553(a), there is no

requirement that the district court engage in a ritualistic incantation of the § 3553(a) factors it considers." *Zabel*, 35 F.4th at 505 (citation modified). For a sentence to be procedurally reasonable, "the district court need only set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *Id.* (citation modified). Here, the district court sufficiently considered the § 3553(a) factors, including Slaughter's time-served argument, in deciding that a within-guidelines sentence was appropriate.

## CONCLUSION

For these reasons, we affirm the 42-month sentence imposed by the district court.